HARMAN B. KNIGHT, plaintiff in error, vs. JOHN EMMONS, defendant in error.

A deposition taken pursuant to a stipulation, before a Justice, in a suit pending in the Circuit Court, may be used on the trial, although having no certificate by the Justice of the manner of taking it.

It is no objection to the reading of a deposition on the trial, by the party taking it, that notice of its filing was not given to the opposite side.

Error to Berrien Circuit Court.

By the Court, MARTIN, J.

The objections of the plaintiff in error to the reading of the deposition of Nathaniel Askins, were properly overruled by the Circuit Judge. The deposition appears to have been taken under, and by virtue of a stipulation entered into by the counsel for the respective parties, and before a person whose authority for taking it sprang from the stipulations

alone; as a Justice of the Peace is not authorized, by the Act of 1848, to take depositions to be read in the Circuit Court. For aught that appears to the contrary, the stipulation was made at the time of taking such deposition, or in the presence of the Justice. At any rate, the Justice was possessed of the stipulation, acted under its authority, and returned it with the deposition. All that he was required to do by the stipulation appears to have been performed, and no question is made of the manner, or *bona fides* of its execution. The objections are purely formal and technical. The Justice being possessed of authority to take the deposition only by force of the stipulation, the Act of 1848 would not govern him as to the manner of certifying. The stipulation is all that gives validity to the evidence, and no certificate of the Justice could authorize it to be read, nor could the want of one deprive a party of the benefits of it. All that a Court would require in such a case, is evidence that it was taken by virtue of the stipulation, and pursuant to it. In the present case, this evidence is furnished.

It is no objection to the reading of a deposition, that notice of its being filed in the Clerk's office was not given to the defendant. The purpose of the rule requiring such notice, is to prevent surprise upon the party offering the deposition, by the interposition of formal objections to its being read. The neglect to give such notice, affords to the opposite party opportunities for objection at the trial which he would not otherwise have, and if the party offering the deposition chooses to take this risk, it is right so to do, for the rule simply provides, that upon such notice, the opposite party shall file within a limited time thereafter those objections as to form, which otherwise he may spring upon his adversary, upon the production of the deposition at the trial.

The judgment of the Court below must be affirmed, with costs.

Present, MARTIN, DOUGLASS, and COPELAND, J. J.